cr3-145 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-145-CR





THE STATE OF TEXAS,



 APPELLANT


vs.





MONICA GRIFFIN,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY 



NO. 36,672, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING



 





PER CURIAM

 The State appeals an order suppressing evidence. Tex. Code Crim. Proc. Ann. art.
44.01(a)(5) (West Supp. 1993). The underlying offense is driving while intoxicated. Tex. Rev.
Civ. Stat. Ann. art. 6701l-1 (West Supp. 1993).

 Appellee was stopped and arrested by Southwest Texas State University police
officer Robert Drozd. Drozd testified that he observed appellee driving erratically on Sessoms
Drive. The stop "was on State Street which borders -- which borders Sessoms and goes into
Southwest Texas property." Sessoms Drive is a public street. In her motion to suppress, appellee
contended that the campus police officer did not have jurisdiction to arrest her because he was not
on university property. 

 In its first point of error, the State contends that the Education Code extends the
territorial jurisdiction of campus police officers beyond the physical limits of university property. 
Tex. Educ. Code Ann. § 51.203 (West Supp. 1993). We recently reached the same conclusion. 
State v. Carroll, No. 3-92-640-CR (Tex. App.--Austin May 19, 1993, no pet. h.). For the reasons
stated in Carroll, the county court at law erred by finding that Drozd was without jurisdiction to
arrest appellee. Point of error one is sustained. 

 The State's second point of error asserts that the court erred by finding that no
probable cause existed for the stop of appellee's car. Lack of probable cause was not raised in
appellee's motion to suppress or at the hearing on the motion. This point of error presents
nothing for review.

 The order of the county court at law granting appellee's motion to suppress
evidence is reversed and the cause is remanded to that court for further proceedings.


[Before Justices Powers, Kidd and B. A. Smith]

Reversed and Remanded

Filed: July 7, 1993

[Do Not Publish]